## STATE OF FLORIDA v ALTAMIRANO
### Case No. 85-028-AC
Eleventh Judicial Circuit, Appellate Division, Dade County

January 29, 1986

### APPEARANCES OF COUNSEL

**Julie S. Thornton** for appellant.

**Jose M. Quinon** for appellee.

Before Levy, Henderson, Goldman, JJ.

### OPINION OF THE COURT

PER CURIAM.

The Defendant herein was arrested, charged with driving under the influence, taken to the City Police Station, the implied consent law was explained to him and the breath alcohol (intoxilyzer) test offered to him.

His Constitutional rights, as per *Miranda*, including the right to consult with an attorney, were read to him prior to his submitting to the test, and he requested permission from the police officer to call his

attorney. He was permitted to make a call but was unable to locate his attorney, and thereafter submitted to the test.

The Defendant thereafter moved to suppress the results of the test, contending that he was denied his Constitutional right to consult with an attorney prior to submitting to the test, and the trial court granted the Motion on that basis. This appeal by the State ensued.

While the record indicates the Defendant was given an opportunity to telephone his attorney (but was not able to locate him), this was not required. A motorist arrested for driving under the influence has no Constitutional or Statutory right to consult with Counsel before deciding whether to submit to chemical testing for blood alcohol concentration. (Case No. 85-636 *Nyflot v. Minnesota Commissioner of Public Safety*, Minn. Sup.Ct. 369 NW 2d 512, 37 CrL 2250 (1985), appeal dismissed by the United States Supreme Court December 16, 1985).

The Order of the Trial Court granting the Motion to Suppress is reversed, and the cause remanded for further proceedings.

REVERSED.